JS-6

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT FOR THE**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| In re: | District Court No. 2:13-CV-6990-GW |
| | Bankr. Case No. 2:13-bk-14135-RK |
| ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY, | Chapter 11 |
| a California corporation, | **JUDGMENT ON APPEAL** |
| Debtor. | |
| | |
| AERC DESMOND'S TOWER, LLC, | |
| *Appellant*, | |
| v. | |
| ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY, | |
| *Appellee*. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    On September 18, 2013, AERC Desmond's Tower, LLC ("Landlord") timely

2    appealed from a final order (ER Tab 24[1]), as amended (ER Tab 26) (as amended,

3    the "Bankruptcy Court Order") entered by the United States Bankruptcy Court for

4    the Central District of California (the "Bankruptcy Court") on September 12, 2013,

5    in the bankruptcy case of debtor Art & Architecture Books of the 21st Century

6    ("Debtor"), Case No. 2:13-bk-14135.  Landlord also appealed the Bankruptcy

7    Court's Statement of Decision ("Decision") (ER Tab 23) and Findings of Fact and

8    Conclusions of Law (ER Tab 25) ("Findings and Conclusions").  Briefs were filed

9    by Landlord, Debtor and the Official Committee of Unsecured Creditors (the

10   "Committee," and together with Debtor, "Appellees") [ECF 15, 21, 23, 28].

11    On November 25, 2013, this Court issued a tentative ruling that "the

12   Bankruptcy Court erred in holding that the Lease had not been terminated pursuant

13   to the express terms of the parties' agreement prior to the date that Debtor filed its

14   chapter 11 petition." [ECF 35, at 10].  Following argument on November 25, 2013

15   and December 2, 2013, this Court adopted the tentative ruling as its final ruling,

16   and held that it would vacate that portion of the Bankruptcy Court's ruling.  [ECF

17   36].  This Court ordered supplemental briefing on the enforceability of Section 23.1

18   of the Lease, which purports to waive Debtor's rights of redemption, including

19   reinstatement California Code of Civil Procedure § 1179.  Supplemental briefs were

20   filed by Landlord and Appellees [ECF 40, 45, 46].

21    On January 6, 2014, this Court issued a tentative ruling that it "would not

22   rule on whether Section 23.1 of the Lease is enforceable as a matter of public

23   policy, as resolution of that question may ultimately prove unnecessary.  Instead,

24   the Court would remand this case to the Bankruptcy Court for proceedings

25   consistent with this Court's conclusion that the Lease terminated under the express

26   terms of the parties' agreement prior to the date that Debtor filed its Chapter 11

27   _____

28   [1] Citations to "ER Tab __" are to the Excerpts of Record filed by Appellant and Appellees [ECF 16-18, 22, 24, 29, 33, 41, 48].

petition." [ECF 51, at 3].  This Court concluded that, with respect to Debtor's eligibility for relief from forfeiture, it would permit the Bankruptcy Court to address the full scope of the arguments and potential factual issues on remand.  In addition, this Court commented that, based on its conclusion that the Lease did terminate before the filing of the Chapter 11 petition, the Bankruptcy Court may find that Debtor can no longer satisfy the requirements of 11 U.S.C. § 365(b)(1).  Following argument on January 6, 2014, this Court adopted the tentative ruling as its final ruling.  [ECF 51].

Accordingly, for the reasons stated by this Court in its rulings and at the hearings, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The relevant portions of the Bankruptcy Court Order, Decision, and Findings and Conclusions as delineated in this Court's ruling are hereby VACATED.

2.     The case is REMANDED to the Bankruptcy Court for proceedings consistent with this order, including this Court's final ruling that the Bankruptcy Court erred in holding that the Lease had not been terminated pursuant to the express terms of the parties' agreement prior to the date that Debtor filed its chapter 11 petition.

3.     On remand, the Bankruptcy Court shall consider the extent to which Cal. Code Civ. Proc. § 1179a, is applicable to these federal proceedings pursuant to 28 U.S.C. § 1652, and, if it so determines that it does, give appropriate precedence to adjudication of the issues to be heard on remand.

Dated: January 12, 2014

_____
HON. GEORGE H. WU
Judge of the United States District Court